**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

UNITED STATES OF AMERICA

v.                                                    NO. 2:05cr128

CHRISTOPHER DONNAIL GRANT,

      Defendant.

**ORDER**

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on October 4, 2005, on the United States Government's Motion to Detain the defendant.  The Court FINDS that the following facts mandate the defendant's detention pending his trial.

    On September 28, 2005, a federal grand jury issued an indictment charging the defendant with one count of conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 371 and 2113(a); and five counts of bank robbery, in violation of 18 U.S.C. § 2113(a).  The Court FINDS that these charges, by their nature,"involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," and thus are each a "crime of violence" for detention purposes under 18 U.S.C. § 3142(f)(1)(A), which provides the basis for the Government's motion to detain the defendant.  See 18 U.S.C. § 3156(a)(4)(B) (defining "crime of violence").  The Court notes that these charges do not, however,

give rise to a rebuttable presumption of detention. See 18 U.S.C. § 3142(e).

Both parties proceeded by proffer of evidence and offered argument. The Court, having taken into consideration the proffers of counsel, the pretrial services report, and the grand jury indictment, FINDS by clear and convincing evidence that the defendant is a danger to the community and FINDS by a preponderance of the evidence that he represents a risk of flight. The Court further FINDS that there is no condition or combination of conditions that will reasonably assure the safety of the community and the defendant's appearance for future proceedings.

The Government's proffer indicates that the defendant robbed five banks or credit unions of amounts ranging from $625 to $2,300 from May 13, 2005 to June 17, 2005. According to the Government, the defendant committed each robbery using a similar modus operandi: he approached the bank teller, presented a note that threatened violence, and took the funds made available to him. The Government's proffer also indicates the defendant was the principal in each robbery, having committed the first robbery by himself, on May 13, 2005, and conspiring with a co-defendant, Alvin Lewis Moore, who drove the get-away vehicle, to commit the other four robberies between May 27, 2005 to June 17, 2005. The Government's proffer indicates that, following the arrest of co-defendant Moore by state authorities, the defendant turned himself in to state authorities, and, after having been advised of his Miranda rights,

provided a confession of his involvement in the robberies that was taped and memorialized in a signed statement.

The Court considered the nature and seriousness of the charges faced by the defendant. If convicted upon evidence beyond a reasonable doubt, the defendant faces up to twenty years in prison and a fine of $250,000 for each of the bank robbery offenses charged. The Court notes that while there is no presumption of detention in this case, and while there apparently were no firearms involved, the Court considers these to be serious offenses involving intimidation and threats of violence.

The weight of the evidence against the defendant is strong. The Court notes, in particular, the defendant apparently fully and voluntarily confessed to the charged crimes after he had been properly given his <u>Miranda</u> rights, and the confession was taped and reviewed and signed by the defendant.

The Court next considered the personal history and characteristics of the defendant. The defendant does have ties to the local community, given that he is a lifelong resident of Virginia and his immediate family and wife all live in the geographic area. The defendant's wife lives with her parents in Richmond, Virginia; they have no children. The defendant claims to have been employed for three months in 2005, but has provided insufficient information to substantiate those claims. He has been incarcerated at Portsmouth City Jail since July 2005.

The defendant's criminal history is extensive and reveals a

series of misdemeanor and felony charges and convictions from 1996. The defendant's history includes three felony convictions, two are drug-related and one is for eluding police, and four misdemeanor convictions, including a failure to appear and an escape from work release.  The defendant also has three felony probation violations, having been on supervised probation since December 29, 2004, and he apparently has not been in contact with his probation officer since May 4, 2005.

   The Court considers the defendant to pose a danger to the community due to his alleged commission of five crimes of violence, each of which could have resulted in injuries to himself or to the public.  The Court also notes that the defendant has proven not amenable to supervised release given that the felony robbery offenses charged here allegedly occurred while he was on supervised probation.  To the extent that this Court may consider past conduct to be indicative of future behavior, the defendant's apparent history of past recidivism taken together with the more recent allegations of illegal activity, clearly suggest that, if released, he would continue to pose a danger to the community.

   The Court also considers the defendant to be a risk of flight given his prior convictions for eluding police, failure to appear and escape from work release.  Despite having ties to the local community, the defendant has no assets, income, or substantiated employment. Without suggesting a finding as to guilt or innocence, the Court notes that the evidence against the defendant is strong.

4

If convicted at trial upon evidence beyond a reasonable doubt, he faces a maximum sentence of twenty years for each bank robbery count. When combined with the weight of the evidence, the penalties faced by the defendant provide him with an incentive to flee if released. The defendant's failure to meet with his probation officer since May 4, 2005 and his alleged commission of the five bank robberies, all while on probation, indicate an inability to abide by terms and conditions. Accordingly, the Court concludes that the defendant poses a risk of flight.

In view of the facts as set forth above, the Court FINDS by clear and convincing evidence that the defendant represents a danger to the community, and FINDS by a preponderance of the evidence that the defendant represents a risk of flight. The Court further FINDS that no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the defendant.

The Court, therefore, ORDERS the defendant DETAINED pending his trial. See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate,

to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (I) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant. ENTERED this 5th day of October, 2005.

/s/<br>
F. Bradford Stillman<br>
United States Magistrate Judge